IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

DANIEL ZACHARY HARPER,

    Plaintiff,

v.

MICHAEL TAYLOR, JR., et al.,

    Defendants.

Case No. 2:24-cv-00302-YY

**ORDER**

Plaintiff, an adult in custody at the Eastern Oregon Correctional Institution ("EOCI"), brings this 42 U.S.C. § 1983 civil rights action as a self-represented litigant. Currently before the Court are several matters, which are resolved as discussed below.

**I.**      **Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction**

Plaintiff moves for a temporary restraining order and preliminary injunction to "stop defendant Michael Taylor Jr. from further attempts at witness tampering against the non-party witnesses." ECF 12. For the reasons that follow, this motion is denied.

Plaintiff's Complaint alleges that Defendant Taylor, a correctional officer at EOCI, repeatedly sexually harassed Plaintiff, other prison staff members failed to adequately investigate those claims, other prison staff members retaliated against Plaintiff, and Plaintiff was prevented from utilizing the prison grievance process. Plaintiff's Complaint seeks injunctive relief in the form of a judgment requiring an admission of wrongdoing by Defendant Taylor, requiring

1 - ORDER

compliance with the Prison Rape Elimination Act ("PREA"), and requiring staff selection compliance for the Mental Health Unit. Plaintiff also seeks compensatory and punitive damages.

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the [moving party] is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008).[1] To establish entitlement to a preliminary injunction, a plaintiff is required to demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20. "The elements of [this] test are balanced, so that a stronger showing of one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

In the alternative, the Ninth Circuit recognizes that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id*. at 1132. Thus, the court may enter a preliminary injunction "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012) (citing *Alliance for the Wild Rockies*, 632 F.3d at 1132).

---

[1] Although Plaintiff captioned his motion as seeking a temporary restraining order and preliminary injunction, because Defendants received notice and responded, the motion is properly treated as a request for preliminary injunction, although the standard for either is basically the same. *Davis v. Allison*, No. 1:21-cv-00494-HBK, 2021 WL 3761216, at *1 n.2 (E.D. Cal. Aug. 25, 2021).

2 - ORDER

Courts apply a more exacting standard when the moving party seeks a mandatory, as opposed to a prohibitory, preliminary injunction. *See Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984) ("In cases such as the one before us in which a party seeks mandatory preliminary injunctive relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction.") (citation omitted). Mandatory injunctive relief is disfavored and should be denied at the preliminary injunction stage unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). Additionally, where an individual in custody seeks a preliminary injunction or temporary restraining order with respect to prison conditions, such relief, if granted, "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

In order to establish a likelihood of success on the merits, a plaintiff seeking preliminary injunctive relief must demonstrate a sufficient nexus between the injury claimed in the motion and the conduct asserted in the underlying complaint. *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). In his motion for preliminary injunction and temporary restraining order, Plaintiff alleges that Defendant Taylor has threatened AIC witnesses and that prison personnel have "covered up" other misconduct by Taylor. Plaintiff seeks an order to stop Taylor "from further attempts at witness tampering" as to several identified AICs, and requests the injunction to cover "all known and future witnesses who may come forward with information about Defendant Taylor's conduct." This request, however, differs from the claims underlying Plaintiff's Complaint. As such, the Court cannot order the relief Plaintiff is seeking. *See Pacific Radiation*, 810 F.3d at 633 ("A court's equitable power lies

3 - ORDER

only over the merits of the case or controversy before its. When a plaintiff seeks injunctive relief based on claims not pled in the complaint the court does not have the authority to issue an injunction.").

Moreover, Plaintiff has not, at this juncture of the case, demonstrated that his claims are likely to succeed on the merits. Plaintiff asserts that the allegations contained in his Complaint demonstrate such a likelihood, but Defendants have disputed the truth of Plaintiff's claims against Defendant Taylor and the parties have submitted competing declarations addressing those claims. Based on the record currently before the Court, these factual disputes cannot be resolved and Plaintiff has not demonstrated a likelihood of success on the merits. *See SoftMan Prods. Co., LLC v. Adobe Sys., Inc.*, 171 F.Supp.2d 1075, 1093 (C.D. Cal. 2001) (concluding a party had not shown likelihood of success on the merits where "each party [made] opposing representations as to a disputed fact" going directly to the central issue in the case); *Hansen Beverage Co. v. Vital Pharm., Inc.*, No. 08-CV-1545 IEG(POR), 2008 WL 5427601, at *4 (S.D. Cal. Dec. 30, 2008) (numerous disputes of fact precluded finding that plaintiff was likely to success on the merits).

Finally, Plaintiff has not demonstrated that irreparable injury is likely in the absence of a mandatory injunction. An abstract potential for injury is not enough to support equitable relief. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Instead, the standard "requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction." *Winter*, 555 U.S. at 22. "To succeed in demonstrating a threat of irreparable harm, 'a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief.'" *Roudachevski v. All-American Care Ctrs., Inc.*, 648 F.3d 701, 706 (8th Cir. 2011) (quoting *Iowa Utils. Bd. v. Fed. Communications Comm'n*, 109 F.3d 418, 425

(8th Cir. 1996)). "[P]ast wrongs do not in themselves amount to that real and immediate threat of injury[.]" *Los Angeles*, 461 U.S. at 103 (citations omitted). In the absence of evidence that Plaintiff is likely to suffer irreparable harm, mandatory injunctive relief is not warranted. *See Saintal v. Foster*, No. 2:11-cv-00445-MMD-PAL, 2012 WL 5180738, at *11 (D. Nev. Oct. 17, 2012) (holding even if other facts favor plaintiff, the inability to proffer evidence of irreparable injury in the absence of preliminary relief weighs strongly against granting such extraordinary relief, particularly in light of the added scrutiny courts must give under the PLRA to prisoners seeking preliminary injunctive relief). Accordingly, Plaintiff's motion for temporary restraining order and preliminary injunction must be denied.

## II.     Plaintiff's Motion for Appointment of Counsel

Plaintiff also seeks appointment of a member of the Court's *pro bono* attorney panel to represent him in this action. ECF 41. Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Agyeman v. Corrections Corporation of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)). While the Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, the Court evaluates "the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither of these

5 - ORDER

factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn*, 789 F.2d at 1331; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

As noted, this case involves allegations of sexual harassment, failure to investigate, retaliation, and access to the prison grievance process. Plaintiff has demonstrated sufficient ability to articulate his claims, which illustrates that the facts and legal issues involved are not of such complexity that the appointment of counsel is warranted. Accordingly, there are no exceptional circumstances that require the appointment of counsel under § 1915(e).

### III. Scheduling

The deadline to complete discovery was September 11, 2024. After the close of discovery, Plaintiff filed a Motion for Extension to Complete Discovery. ECF 28. This motion was filed on September 12, 2024, although it is dated September 9, 2024. *Id.*

The court's scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted).

Here, the parties were given four months to complete discovery, yet Plaintiff waited to serve discovery requests until August 6, 2024, just over one month before discovery was to close. As Defendants correctly observe, Plaintiff has failed to provide good cause for this delay or explain how he acted diligently in complying with the Court's scheduling order. *See* Rule 16(b)(4). Instead, Plaintiff asserts that Defendants have objected to his discovery requests as a

6 - ORDER

"stall tactic." The Court has no way to assess this allegation because Plaintiff has offered nothing to support it, including copies of his requests for production or defendants' responses. Thus, Plaintiff's Motion for Extension of Discovery (ECF 28) is denied.

The Court retroactively grants Defendants' Motion for Extension of Time to File Reply (ECF 56) to their Motion for Summary Judgment and deems their Reply timely filed. The Court takes Defendants' Motion for Summary Judgment under advisement as of this date.

## CONCLUSION

Based on the foregoing, IT IS ORDERED as follows:

1. The Court DENIES Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF 12);

2. The Court DENIES Plaintiff's Motion for Appointment of Counsel (ECF 41);

3. The Court DENIES Plaintiff's Motion for Extension of Discovery (ECF 28);

4. The Court GRANTS Defendants' Motion for Extension of Time to File Reply (ECF 56); and

5. The Court takes Defendants' Motion for Summary Judgment (ECF 30) under advisement as of this date.

IT IS SO ORDERED.

DATED March 30, 2025.

                                                  /s/ Youlee Yim You
                                                  Youlee Yim You
                                                  United States Magistrate Judge